IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIM. NO. A-09-CR-569-JRN |
| | § | |
| ERNEST CHRISTOPHER GREENE | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE JAMES R. NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court in the above-entitled cause of action is the Defendant's Motion for Reconsideration of Supervised Release Conditions (Clerk's Doc. No. 20). The district judge referred the motion to the undersigned for a recommendation. (Clerk's Doc. No. 23). A hearing was held on the motion on March 21, 2012.

I.

The motion requests that the Defendant's conditions of supervision be modified to permit him to relocate to Dallas and reside with his wife. In October 2011, the Defendant appeared before the undersigned for a revocation hearing, based on a persistent problem with drug use. After a hearing, the undersigned recommended that the Defendant be continued on supervision. This decision was based primarily on the fact that the Defendant had untreated anxiety and depression that was contributing to his drug use. Thus, in the Report and Recommendation issued at that time, the undersigned directed that the Defendant seek assistance for his mental health issues from the VA, and further instructed the Defendant that, "[t]o be be successful, the Defendant will have to obtain stable employment, address his mental health issues, and remain free of illegal drug use." The district court adopted the recommendation on November 7, 2011. The Defendant in fact found a

residence, was diligent in obtaining treatment from the VA, and enrolled in several counseling classes with the VA. He is now receiving medication for his anxiety and depression, and he has remained drug free since October 2011.

Given that he was doing well, in January 2012, the Probation Office granted the Defendant permission to relocate to Dallas, where his wife was living. After approximately one month there, he was directed to return to Austin, because the Probation Office in the Northern District of Texas could not recommend the relocation, and was not willing to supervise him, due to issues that arose in investigating both the Defendant's residence (the apartment where his wife was residing) and his employment. With regard to the employment, the officer investigating the matter was unable initially to corroborate the existence of the business, and then once he was able to identify it, the organization of the business was lax, to put it gently.[1] The officer also felt that the Defendant had not been truthful with him.

The Defendant therefore returned to Austin, found a residence in a sober home through the VA, and began to re-enroll in classes and programs with the VA. On March 12, 2012, he filed the instant motion. As noted, there is no evidence that the Defendant has used drugs during any of this time. The Defendant has been on supervision for a little less than three years. He has had no new arrests during that time. He adjusted well to supervision initially, but in mid-2011, he began having the drug abuse problems catalogued in the undersigned's Report and Recommendation of October 24, 2011. Since the time of that hearing, he has had no relapses. His primary issue at this time is

---

[1] It appears that the business was being run in the form of a sole proprietorship, acting as a general contractor. The Defendant was being paid with a personal check, and the owner was unable to state clearly how she was categorizing the Defendant (i.e., employee, independent contractor, etc.) as far as tax treatment was concerned. After the Probation Office investigated these matters, the owner of the business was no longer willing to employ the Defendant.

finding steady employment.

Given all of the above, the undersigned sees no reason why the Defendant should not be given an opportunity to reside with his wife, with whom he is reconciling. He resided with her—apparently without incident—for nearly a month in January of this year. The only reason this stopped is that he was instructed by the Probation Office to return to Austin when the Northern District indicated that it was not willing to supervise the Defendant. Despite the obvious disappointment of this outcome, the Defendant did not react as one might have predicted he would, based on his prior history. Instead, he located a sober home run by the VA to reside in (where regular UAs are required), and re-engaged with the VA for counseling, then petitioned the Court for the instant modification. The primary risk that the Defendant faces is relapsing into drug abuse, and it is clear that the Defendant is aware of this. The very same VA resources that the Defendant has made use of to his benefit in Austin are also available in Dallas. The Court cannot see that the situation facing the Defendant is Dallas is materially different than here in Austin, and the Defendant's wife resides in Dallas, a reasonable basis for the Defendant's request to reside there.

II.

Based on the above, **IT IS RECOMMENDED** that the Defendant's Defendant's Motion for Reconsideration of Supervised Release Conditions (Clerk's Doc. No. 20) be **GRANTED**, and the Defendant be given permission to reside in Dallas with his wife.

SIGNED this 26th day of March, 2012.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE